**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000961
04-MAR-2019
09:19 AM**

NO. CAAP-15-0000961

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CLAUS ZIMMERMAN HANSEN, Plaintiff-Appellant,
v.
BANK OF AMERICA, National Association as Trustee for Washington
Mutual Mortgage Pass-Through Certificates Series 2007-0A4 Trust,
US BANK as the Successor Trustee to Bank of America,
BARBARA HINDMAN, JP MORGAN CHASE BANK, N.A.,
Defendants-Appellees,
and
DOE DEFENDANTS 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0807(3))


SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge and Chan, J.
with Ginoza, Chief Judge, concurring separately)

Plaintiff-Appellant Claus Zimmerman Hansen (Hansen) appeals from the First Amended Final Judgment, filed December 15, 2015, in the Circuit Court of the Second Circuit (circuit court).[1] Judgment was entered in favor of Defendants-Appellees Bank of America, N.A. and U.S. Bank, N.A. (collectively Defendants) granting Defendants Bank of America, N.A. and U.S. Bank N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint Filed April 22, 2014, (Motion to Dismiss) filed October 21, 2014, and denying Plaintiff's Motion to Amend

---

[1]  The Honorable Joseph E. Cardoza presided.

Pleading, filed *Ex Officio* on December 16, 2014 (Motion to Amend Pleading).

This appeal arises out of a civil action brought by Hansen alleging that Defendants committed deceptive acts and practices, prior to an attempted non-judicial foreclosure of Hansen's property, which created a cloud on the marketability of the title of the property, causing Hansen damages.

On appeal, Hansen contends that the circuit court erred when it: (1) granted Defendants' motion to dismiss Hansen's Second Amended Complaint even though Hansen has standing and sufficiently pleaded Defendants' unfair and deceptive trade practices; and (2) denied Hansen leave to amend his complaint.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant case law, we resolve Hansen's appeal as follows.

(1) Hansen's first point of error on appeal contends that the circuit court erred in granting Defendants' motion to dismiss Hansen's Second Amended Complaint. Hansen contends that the circuit court failed to interpret the Second Amended Complaint in Hansen's favor. Hansen also contends that he sufficiently pleaded Defendant's Unfair and Deceptive Acts and Practices Act (UDAP) violations.

We review a circuit court's ruling on a motion to dismiss *de novo*. Bank of America, N.A. v. Reyes-Toledo, 143 Hawai'i 249, 256, 428 P.3d 761, 768 (2018) (citing Hungate v. Law Office of David B. Rosen, 139 Hawai'i 394, 401, 391 P.3d 1, 8 (2017)). In reviewing a motion to dismiss for failure to state a claim under Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6) (2000), the Hawai'i Supreme Court recently emphasized Hawai'i's liberal notice pleading standard under which "a complaint is good if it contains a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 262, 428 P.3d at 774 (quoting Kawakami v. Kahala Hotel Investors, LLC, 142 Hawai'i

2

507, 518, 421 P.3d 1277, 1288 (2018)). Thus,

> a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. The appellate court must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing a circuit court's order dismissing a complaint . . . the appellate court's consideration is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true.

Id. at 257, 428 P.3d at 769 (quoting Kealoha v. Machado, 131 Hawai'i 62, 74, 315 P.3d 213, 225 (2013)).

The Hawai'i Supreme Court further stated that:

> dismissal pursuant to HRCP Rule 12(b)(6) is appropriate where the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim, and in weighing the allegations of the complaint as against a motion to dismiss, the court will not accept conclusory allegations concerning the legal effect of the events the plaintiff has [alleged].

Id. at 262-63, 428 P.3d at 774-75 (internal quotation marks and citations omitted).

In the Second Amended Complaint, Hansen presented a single count alleging that:

> Defendants engaged in UDAPs that violate [Hawaii Revised Statutes (HRS)] § 480-2(a) and/or 481A-3, by participating [sic] the following:
>     i. in the fabrication of the Assignment that was made with the intent to deceive and/or create confusion or misunderstanding for the Plaintiff, the public, and the courts, as to the authority to transfer Plaintiff's Property knowing that it was incompetent and unreliable evidence to support an assertion of foreclosure;
>     ii. by violating HRS [§] 502-83 in not recording transfers of real estate interests;
>     iii. in creating and allowing a servicer compensation structure to continue when compensation and cost structures between the Servicers and the trust created Servicer incentives to foreclose rather than restructure the loan even though modifications would benefit both the owner of the mortgage and the borrower;
>     iv. in failing to institute and operate a process of service and communication with borrowers in default management situations so that loss mitigation could be successfully utilized.

Hansen further asserted that: (1) Plaintiff is a consumer as that term is defined in HRS § 480-1; (2) Defendants are engaged in trade or commerce in the mortgage loan industry, residential

3

mortgage-backed securities industry, debt servicing/collection, and foreclosure activities; (3) such acts and practices involve "trade or commerce" as that term is used in HRS § 480-2(a); and (4) Plaintiff was damaged as a result of Defendants' acts.

In response, Defendants contend that the circuit court correctly dismissed the Second Amended Complaint because Hansen lacks standing to challenge the validity of the assignment of mortgage and note made for purposes of securitization (Assignment). Specifically, Defendants argue that for any damages to result from a cloud on title caused by Defendants' actions, the cloud on title must first be shown to actually exist (i.e., that the Assignment was void). Defendants argue that Hansen, as a mortgagor, does not have standing to challenge the validity of the Assignment and thus cannot base further claims upon the Assignment's invalidity.

The circuit court did not address the issue of Hansen's standing and explicitly limited its dismissal to an analysis of the four corners of the Second Amended Complaint. The circuit court did not address arguments outside of the complaint, which the circuit court correctly stated would have required a conversion of the motion to dismiss into a motion for summary judgment under HRCP Rule 12(b). See Gonsalves v. Gilbert, 44 Haw. 543, 550, 356 P.2d 379, 383 (1960). Accordingly, in reviewing the circuit court's dismissal, we evaluate only whether the Second Amended Complaint states a claim upon which relief may be granted.[2]

Hansen's Second Amended Complaint alleged that the Assignment created a cloud on the marketability of title and,

---

[2] On June 24, 2016, this court denied Defendants' appellate Motion for Judicial Notice without prejudice to consideration of the motion by the merit panel. Defendants' motion requested that this court review several documents recorded in the State of Hawaiʻi Bureau of Conveyances which Defendants claim demonstrate that Hansen lacks standing to bring his claims. We decline to consider these documents on their merits in this appeal. In reviewing the circuit court's dismissal of Hansen's complaint, our review "is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true." Reyes-Toledo, 143 Hawaiʻi at 257, 428 P.3d at 769 (quoting Kealoha, 131 Hawaiʻi at 74, 315 P.3d at 225).

4

therefore, sufficiently alleged a UDAP claim for damages. Further, Hansen's complaint alleged additional bases which could support a UDAP claim for damages. Deeming Hansen's allegations to be true, as we must in evaluating a Rule 12(b)(6) motion to dismiss, the UDAP claim satisfies HRCP Rule 8(a)(2000) and the notice pleading standard. Accordingly, the circuit court erred in dismissing the Second Amended Complaint for failure to state a claim.

(2) Hansen's second point on appeal contends that the circuit court abused its discretion in denying his motion to amend the Second Amended Complaint, even though he filed his motion prior to the circuit court entering the order on Defendants' motion to dismiss. As we have overruled the dismissal of Hansen's Second Amended Complaint, we need not address this point of error.

Based on the foregoing, the circuit court erred in granting Defendants Bank of America, N.A. and U.S. Bank N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint Filed April 22, 2014, filed October 21, 2014, because the complaint satisfied the notice pleading standard. Accordingly, we vacate the First Amended Final Judgment, filed December 15, 2015, in its entirety, and we remand to the circuit court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, March 4, 2019.

On the briefs:

Rebecca A. Copeland
for Plaintiff-Appellant.

Patricia J. McHenry
and Trisha H.S.T. Akagi
(Cades Schutte)
for Bank of America and
US Bank, N.A., Defendants-
Appellees.

*Jawnencem Reille*

Presiding Judge

*[signature]*

Associate Judge

5